**Cecil WYDICK, Appellant,**

v.

**Remus THOMAS, Appellee.**

Court of Appeals of Kentucky.

Nov. 11, 1966.

Rehearing Denied Feb. 3, 1967.

———◆———

Walter L. Catinna, Woodward, Bartlett & Catinna, Hartford, for appellant.

Earl F. Martin, Jr., Martin & Martin, Hartford, for appellee.

MONTGOMERY, Judge.

Remus Thomas recovered judgment of $3,000, compensatory damages, and $2,000, punitive damages, against Cecil Wydick for the alienation of the affections of his wife, Katherine. Wydick appeals and urges that the evidence is not sufficient to sustain the verdict on the issues of liability and damages; that the question of punitive damages should not have been submitted to the jury; and that appellee's counsel was guilty of misconduct on the trial.

Appellee has failed to file a brief. For such failure, under RCA 1.260(c), the court may "(2) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (3) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case." Such failure authorizes a reversal. Commonwealth by and ex rel. Marcum v. Fitzgerald, Ky., 376 S.W.2d 518; Commonwealth, Department of Highways v. Johnson, Ky., 377 S.W.2d 596.

The brief filed by appellant reasonably appears to sustain a reversal of the judgment and the failure of appellee to file a brief is regarded as a "confession of error."

The judgment is reversed, with direction to enter a judgment in favor of the appellant.